IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

..................................

CR-99-39 ERIE

..................................

UNITED STATES OF AMERICA,

       Plaintiff/Respondent,

vs.

**FILED**

**JUN 1 6 2008**

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVA

ERICKSON POLANCO,

       Defendant/Petitioner,

..................................................

MOTION FOR MODIFICATION OR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2), BASED ON UNITED STATES SENTENCING GUIDELINES AMENDMENTS CONCERNING BASE OFFENSE SECERITY LEVEL EFFECTIVE MARCH 3, 2008.

..................................................

                                  Erickson Polanco # 10825-068
                                  Federal Inmate Acting Pro Se
                                  P.O. Box 605
                                  Eden, Texas  76837

COMES NOW THE PETITIONER, ERICKSON POLANCO, Acting Pro Se and In Forma Pauperis, and respectfully moves this Honorable Court, pursuant to **18 U.S.C. § 3582(c)(2)** to reduce and modify his sentence based upon the Amendment to **Section 1B1.10** of the **United States Sentencing Guidelines,** which was enacted on December 11, 2007 and became retroactively applicable on March 3, 2008, concerning the reduction of two (2) levels in the based Offence Severity Category for offense involving Cocaine Base.

In support of this Motion, Movant states as follows:

1. On June 26, 2000, the Movant was sentenced to a term of imprisoment of 140 months, and a term of Supervised Release of five (5) years, by this Honorable Court for Count One of the Indictment for violations of 21 U.S.C. § 841(b)(1)(B) and 21 U.S.C. § 846 Conspiracy and Possession with intent to Distribute **Fifty (50) Grams or More of a Mixture and Substance Containing a Detectable Amount of Cocaine Base.**

2. Upon a guilty plea entered by the Defendant and a Pre-Sentence Report having been ordered and adopted by this Honorable Court in the Judgment entered in this action, the amount of forty five hundred (4500) grams of Cocaine Base was found to be the defendant's applicable amount within the charged offenses.

3. Applying the applicable provisions of the Guidelines as they existed on the date of the Defendant's

sentencing, and as they were calculated by the Probation Department, a sentence of One Hundred and Forty months was imposed on June 26, 2000 and was entered on June 27, 2000.

4. On November 1, 2007 the United States Sentencing Commission issued Three (3) amendments to the Sentencing Guidelines that were enacted on that day.

5. As established under **UNITED STATES SENTENCING GUIDELINES § 1B1.10**, these amendments are to be applied retroactively.

6. On November 13, 2007 the United States Sentencing Commission held a hearing in order to determine on the retroactivity application and on December 11, 2007, the sentencing Commission announced that all of the November 1, 2007 amendments would become retroactive, effective March 3, 2008.

7. The provisions of **U.S.S.G. 1B1.10** were amended by the Sentencing Commission to provide for a reduction of TWO (2) levels on the Base Offense Severity calculation.

8. Petitioner herein, points out to this Honorable Court that he is eligible and hereby applies for this reduction.

9. The provisions of **U.S.S.G. 4A1.2(c)(1)(A)** of the Criminal History Category calculation table were amended.

10. Petitoner respectfully requests this Honorable Court make a determination as to his eligibility for this adjustment of the Criminal History Category and grant him any applicable relief.

11. The provisions of U.S.S.G. § 4A1.2(a), cmt. n. 3 is also amended by the Sentencing Commission.

12. Petitioner respectfully requests this Honorable Court make a determination as to his eligibility for this adjustment of the Criminal History Category and grant him any applicable relief.

13. There are other factors present justifying changes in the computation of the applicable Sentencing Guidelines range, to wit, the United States Supreme Court decision in **KIMBROUGH vs. UNITED STATES 06-6330.**

14. On December 10, 2007 the Supreme court ruled in a seven to two decision that a federal district court's below the Sentencing Guidelines sentence based on the unfair disparity of the cocaine powder and cocaine base guidelines is permissible.

15. Pettitioner respectfully requests this Honorable Court takes into consideration this decision and its remedial effect when reducing and modifying his sentence.

16. Petitioner respectfully reminds this Honorable Court that he is bringing this Motion for Modification or Reduction of Sentence Pro Se, and that he is a lay man ignorant of proper legal language and procedures and would respectfully ask this Court's indulgence in the reading of his humble arguments.

**Guideline Amendment 706- A Partial Remedy for the Crack/Cocaine Disparity.**

In May of 2007 the Sentencing Commission passed Amendment 706, which-in its "Reasons for Amendment" - the Commission characterized as simply an "interim measure" designed to alleciate some of [the] problems [associated with the 100-to-1 drug quantity ratio]." In the amendment, the Commission reduced crack cocaine base offense levels by 2 levels across the board, so that the new base offense levels would at least be consistent with, rather than harsher than, the statutory minimum mandatory penalties. The Commission emphasized, however, that this was only a "partial remedy," and "neither a permanent nor a complete solution to those problems." "Any comprehensive solution," the Commission insisted, "requires appropriate legislative action by Congress." The amendment became effective November 1, 2007.

    See Report to Congress: Cocaine and Federal Sentencing Policy (May 2002) at http://www.ussc.gov/r congress/02crack/2002crackrpt.htm ("After carefully considering all of the information currently available-some 16 years after the 100-to-1 drug quantity ratio was enacted-the Commission firmly and unanimously believes that the current federal cocaine sentencing policy is unjustified and fails to meet the sentencing abjectives set forth by Congress in both the sentencing Reform Act and the 1986 Act. The 100-to-1 drug quantity ratio was established based on a number of beliefs about the relative harmfulness of the two drugs and the ralative prevalence of certain harmful conduct associated with their use and distribution that more recent research and data no longer support.");
Report to Congress: Cocaine and Federal Sentencing

Policy (May 2007) at http://www.ussc.gov/r congress/02/crack/2002crackrpt.pdf ("current data and information continue to support the core findings contained in the 2002 Commission Report, among them: (1) The current quantity-based penalties overstate the relative harmfulness of crack cocaine compared to poeder cocaine[;] (2) The current quantity-based penalties sweep too broadly and apply most often to lower level offenders[;] (3) The current quantity-based penalties overstate the seriousness of most crack cocaine offense and fail to provide adequate proportionality [; and] (4) the current severity of crack cocaine penalties mostlyimpacts minorities. Based on these findings, the Commission maintains its consistently held position that the 100-to-1 drug quantity ratio significantly undermines the various congressional objectives set forth in the Sentencing Reform Act.").

**The Supreme Court's Decision in Kimbrough.**

The Supreme Court handed down its momentous decision in Kimbrough v. United States, ___U.S.___, 128 S. Ct. 558 (Dec. 10, 2007), holding that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence' greater than necessary' to achieve [18 U.S.C.] § 3553(a)'s purpose, even in mine-run case," id. at 575, given that in formulating the crack guidelines, the Commission "did not take account of 'empirical data and national experience.'" Id Notably, the Supreme Court specifically rejected the government's argument (and the Eleventh Circuit's holding in Williams), that the 100:1 ratio in the Guidelines was approved/directed by Congress and was mandatory. To the contrary, the Court found "tacit acceptance" of the Commission's own position that the ratio produced "disproportionately harsh sactions, i.e., sentence for crack cocaine offenses 'greater than necessary' in

light of the purpose of sentencing set forth in § 3553(a)," id., from Congress' "tacit acceptance of the 2007 amendment" to the crack cocaine Guideline scheme. The Court characterized the amendement (which, at the time of Kimbrough, the Sentencing Commission had not yet designated for retroactive application), as a "modest amendment" yielding "sentences for crack offenses between two and five times longer than sentences for equal amounts of powder." Notably, the Court held that "to reach an appropriate sentence" under 18 U.S.C. § 3553(a), sentencing courts "must" weigh "any unwarranted disparity created by the crack/powder ratio itself," id. at 574, and-noting with approval that the district court had "compar[ed] the Guidelines range to the range that would have applied if Kimbrough had possessed an equal amount of powder," id. at 575-upheld the substantial variance the district court ahd accorded Kimbrough.

### Amendments 706 and 711 are Retroactive.

It was not until after the decision had issued in Kimbrough, that the Sentencing Commission designated Amendments 706 and 711 for retroactive application. See U.S.S.G. § 1B1.10(c). Whenever the Commission makes a designation of retroactivity, the district court gains new authority to reduce the term of imprisonment who has been sentence to term of imprisonment "based on a sentencing renge that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). According to Congress, "the court may reduce the term of imprisonment, after considering the factors set forth in section

3553(a) to the extent that they are applicable." § 3582(c)(2). Considering the language of the amendment in light of the § 3553(a) factors here, the Court should reduce its previously-imposed sentence of 140-months' imprisonment.

When talking about the § 3553(a) factors, the Congress has mandated the following as guidelines for a sentencing court to follow in its sentencing considerations:

18 U.S.C. § 3553(a)(2) the need for the sentence imposed

A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
B) to afford adequate deterrence to criminal conduct;
C) to protect the public from further crimes of the defendant;
D) to provide the defendant with needed educational or vocational treatment, medical care, or other correctional treatment in the most effective manner.

The one hundred plus months that this Movant has served on his sentence, his rehabilitative efforts (SEE APPENDIX), and the fact of his inmediate deportation to his home country upon release from federal custody, militate in favor of a significant reduction of his incarceration sentence.

The provisions of § 3553(a)(2) (A),(B),and (C) are complied with, by the length of incarceration and the removal from the United States of this Movant. As to § 3553(a)(2)(D) the Movant's correctional and rehabilitative record will speak for itself, if only partially, as the length of his time in federal prison caused him to send some of his certificates and diplomas of achievement home to his parents.

WHEREFORE, based on the foregoing arguments and authorities, this Honorable Court is respectfully urged to reduce the Defendant's sentence and enter a new Judgment in a Criminal Case reflecting said changes and modify his sentence pursuant to the aforementioned amendments and any other relief this Honorable Court deems fair and just.

Respectfully submitted,

Dated: 6-09-2008

_____
Eric Polanco
Federal Inmate Acting Pro Se

I, ERIC POLANCO, certify under penalty of perjury that the foregoing is true and correct. Executed this  09  day of  June , 2008.

_____
Erickson Polanco # 10825-068
EDC/CCA/Eden Detention Center
P.O. Box 605
Eden, Texas 76837