# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 99-39 |
| ) | |
| ERICKSON MANUEL POLANCO, ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

McLAUGHLIN, SEAN J., J. J.

    Presently pending before the Court is a motion by Defendant, Erickson Manuel Polanco ("Defendant") styled "Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), Based on United States Sentencing Guidelines Amendments Concerning base Offense Secerity [sic] Level Effective March 3, 2008" [Doc. No. 136]. For the reasons set forth below, Defendant's motion is denied.

    On December 14, 1999, Defendant, along with co-defendants Reinaldo Figuero, Edward Cardoso and Anhelo A. Diaz, were charged with various drug offenses. See Superseding Indictment [Doc. No. 16]. Defendant was charged with Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 846 (Count One), and Possession with Intent to Distribute in Excess of 50 grams of Cocaine Base in violation of 21 U.S.C. § 841(a)(1) (Count Three).

    On February 25, 2000, Defendant entered into a plea agreement pursuant to which Defendant pled guilty to Count One of the indictment, and acknowledged his responsibility for the conduct charged at Count Three, which was later dismissed by the Government under the terms of the agreement. See Change of Plea Hearing, Plea Agreement, Govt. Ex. 1 [Doc. No. 57]. Defendant stipulated to an offense level of 38 and that the quantity of cocaine base was at least 4.5 kilograms. Defendant's stipulated offense level was increased two levels for his role in the offense and reduced three levels for his acceptance of responsibility, resulting in a total offense level of 37. With an offense level of 37 and a Criminal History Category of I, this combination resulted in a guideline range of 210 to 262 months. Pursuant to the Government's

5K motion, Defendant was granted a downward departure for his substantial assistance to the Government, and was sentenced on June 26, 2000 to a term of imprisonment of 140 months and a term of supervised release of 5 years. See Judgment [Doc. No. 72].[1]

Defendant filed the instant Motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) on June 16, 2008, in which he seeks to reduce his sentence due to a later amendment to the United States Sentencing Guidelines ("U.S.S.G."). See Motion [Doc. No. 136]. The Government has filed a Brief in opposition and the matter is now ripe for our determination.

Defendant's Motion is based upon Amendment 706, the so-called "crack amendment", which became effective November 1, 2007 and was later made retroactive, effective March 3, 2008, under the authority granted to the U.S. Sentencing Commission pursuant to 18 U.S.C. § 3582(c)(2).[2] Amendment 706 generally reduced the base offense levels in U.S.S.G. § 2D1.1(c) for crack cocaine offenses. See United States v. Robinson, 2008 WL 2578043 at *1 (W.D.Pa. 2008) (noting that the crack amendment decreased the base offense levels applicable to specific weights of cocaine base). Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) ..., the court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

See 18 U.S.C. § 3582(c)(2). Defendant contends that he is eligible for a reduction of his sentence under § 3582(c)(2) because his base offense level would be reduced by two levels under the amendments. See Defendant's Motion ¶¶ 7-8. The Government correctly responds that Defendant is not entitled to a reduction because Amendment 706 did not have the effect of lowering the Guideline sentencing range applicable to his sentence. See Government's Response [Doc. No. 142] p. 3.

---

[1] Although not pertinent for the disposition of the instant motion, Defendant did not file a direct appeal of his sentence but did file a motion pursuant to 28 U.S.C. 2255, which was denied by the Court on September 4, 2003. See Memorandum Opinion and Order [Doc. No. 124].

[2] The Sentencing Commission made the crack amendment retroactive by including it in the list of retroactive amendments in § 1B1.10 of the Guidelines.

2

Section 3582(c)(2) allows a court to modify a previously imposed sentence when the Sentencing Commission lowers a sentencing range that was used to determine the defendant's sentence and a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." See 18 U.S.C. § 3582(c)(2); United States v. Wise, 515 F.3d 207, 221 (3rd Cir. 2008). Under the applicable Sentencing Commission policy statement, a reduction in the defendant's term of imprisonment is not authorized under § 3582(c)(2) where "an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." See U.S.S.G. § 1B1.10(a)(2)(B).

Prior to the adoption of Amendment 706, U.S.S.G. § 2D1.1(c)(1) assigned an offense level of 38 to any quantity of cocaine base of 1.5 kilograms or more. The amended guidelines now assign an offense level of 38 to a quantity of cocaine base of 4.5 kilograms or more. Here, the Defendant stipulated that the quantity of cocaine base was at least 4.5 kilograms. As a result, Defendant's offense level was and still is 38 regardless of the amendment to § 2D1.1. After adding two levels for the Defendant's role and subtracting three levels for acceptance of responsibility, his adjusted offense level remains at 37. Considering a Criminal History Category of I in combination with an adjusted offense level of 37, his sentencing range remains the same as it was at the time of his original sentencing, namely, 210 to 262 months. Since Amendment 706 "does not have the effect of lowering the defendant's applicable guideline range" see U.S.S.G. § 1B1.10(a)(2)(B), a reduction of the Defendant's sentence is not authorized. See United States v. Mateo, __ F.3d __, 2009 WL 750411 at *2 (3rd Cir. 2009) (holding that "[t]o be entitled to a reduction of sentence, a defendant's *sentencing range* must have been lowered by recalculation based on the amended base offense level.") (emphasis in original); United States v. Harris, 2008 WL 1342995 at *1 (E.D.Pa. 2008) (holding that defendant was not entitled to a sentence reduction where court found defendant distributed more than 21 kilograms of cocaine base and offense level of 38 still applied); United States v. Wright, 2008 WL 2265272 at *1 (E.D.Pa. 2008) (no sentence reduction where court found defendant would have received a base offense level of 38 even under the amended guidelines).

To the extent the Defendant argues that he is independently entitled to a sentence reduction based on Kimbrough v. United States, __ U.S. __, 128 S.Ct. 558 (2007), I reject such

3

argument. The Third Circuit has held that resentencings pursuant to § 3582(c)(2) are limited to consideration of the effect of the retroactive amendment on the defendant's sentence, see United States v. McBride, 283 F.3d 612, 615 (3rd Cir. 2002) and Kimbrough "left unchanged the requirements for reduction of sentence under § 3582(c)(2)." Mateo, __ F.3d at __, 2009 WL 750411 at *3; see also United States v Jackson, 2008 WL 5412825 at *2 (E.D.Pa. 2008) (finding that defendant's argument for resentencing based on Kimbrough meritless because a reduction pursuant to § 3582 does not constitute a "full resentencing"); United States v. Burnam, 2008 WL 3889609 at *2 (M.D.Pa. 2008) (relying on McBride and rejecting defendant's request for resentencing based on Kimbrough); United States v. Tucker, 2008 WL 2704543 at *4 (M.D.Pa. 2008) (same).

AND NOW, this 15th day of April, 2009, upon consideration of Erickson Manuel Polanco's "Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), Based on United States Sentencing Guidelines Amendments Concerning base Offense Secerity [sic] Level Effective March 3, 2008" [Doc. No. 136], and for the reasons expressed herein;

IT IS HEREBY ORDERED that the Motion is DENIED.

                                                                             s/ Sean J. McLaughlin
                                                                             United States District Judge

cm: All parties of record.